Buttolph Law Group
John Earl Buttolph, Esq., State Bar No. 112987
5020 Campus Drive
Newport Beach, CA  92660
Telephone:  949/955-2033
Facsimile:  949/955-2036

**MADE JS-6**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATA MECHANIX INC., <br><br>          Plaintiffs, <br><br>     vs. <br><br> INTERDATA RECOVERY SYSTEMS INC., DAVID SCHAPEL, STEPHEN SCHAPEL, et al. <br><br>          Defendants. | Hon. George Wu <br><br> Case No: SACV 06-607 GW (MLGx) <br><br> JUDGMENT ON JURY VERDICT <br><br> Trial Date: March 25, 2008 |

The action came on regularly for trial on March 25, 2008 in Department 10 of the United States District Court for the Central District of California, the Honorable George Wu, Judge presiding; the plaintiff appearing by John Buttolph Esq.; defendants David Schapel and Stephen Schapel appearing in pro per.  A jury of persons was regularly impaneled and sworn. Witnesses were sworn and testified.  After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a verdict on special issues.

The jury deliberated and thereafter returned into court with its verdict. A copy of the Special Verdict Form is attached to this Judgment as Exhibit A.

It appearing by reason of said verdict that Plaintiff is entitled to judgment against defendants David Schapel and Stephen Schapel,

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

    A. That the Court accepts the jury's Special Verdicts and finds as follows:

    1. Plaintiff is the owner of a valid copyright in DMX Disk Utilities Version 6.8.

    2. Defendant David Schapel copied original elements from the copyrighted works.

    3. Defendant Stephen Schapel profited directly from the infringing activity of David Schapel.

    4. Defendant Stephen Schapel had the right and ability to supervise or control the infringing activity of David Schapel.

    5. Defendant Stephen Schapel failed to exercise his right and ability to control the infringing activity of David Schapel.

    6. Plaintiff incurred actual damages as a result of the copyright infringement by David Schapel.

7. The amount of actual damages suffered by Plaintiff as a result of copyright infringement by David Schapel is Two Hundred Sixty Thousand Dollars ($260,000).

8. Plaintiff incurred actual damages as a result of the copyright infringement of Stephen Schapel.

9. The amount of actual damages suffered by Plaintiff as a result of vicarious copyright infringement by Stephen Schapel that is separate and distinct from the damages in No. 7 is One Hundred Thousand Dollars ($100,000).

10. The amount of defendant David Schapel's profits attributable to copyright infringement is One Hundred Fifty Thousand Dollars ($150,000.)

11. The amount of defendant Stephen Schapel's profits attributable to vicarious copyright infringement that is separate and distinct from the amount in No. 10 is One Hundred Fifty Thousand Dollars ($150,000.)

12. Defendant David Schapel knew that his acts infringed plaintiff's copyright.

13. Defendant Stephen Schapel knew that his acts infringed plaintiff's copyright.

14. "Data Mechanix" is a valid, protectable trade name.

15. On the spectrum of distinctiveness plaintiff's trade name "Data Mechanix" is suggestive.

16. Plaintiff owns "Data Mechanix" as a trademark/ trade name.

17. Defendant Stephen Schapel used Plaintiff's trade name "Data Mechanix" without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the identity of the business and/or the source of the data recovery services.

18. Defendant David Schapel used Plaintiff's trade name "Data Mechanix" without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the identity of the business and/or the source of the data recovery services.

19. Plaintiff was damaged by defendant David Schapel's infringement of Plaintiff's trademark/ trade name.

20. Defendant David Schapel did not prove by clear and convincing evidence that his utilization of the trademark/ trade name was "classic fair use".

21. Defendant Stephen Schapel did not prove by clear and convincing evidence that his utilization of the trademark/ trade name was "classic fair use".

22. Defendant David Schapel did not prove by clear and convincing evidence that his utilization of the trademark/ trade name was "nominative fair use".

-4-

23.  Defendant Stephen Schapel did not prove by clear and convincing evidence that his utilization of the trademark/ trade name was "nominative fair use".

24.  Omitted from Special Verdict Form.

25.  The amount of actual damages suffered by Plaintiff as a result of trade name infringement by David Schapel is Forty Five Thousand Dollars ($45,000). This amount does not include any damages that were awarded in No. 7.

26.  The amount of actual damages suffered by Plaintiff as a result of trade name infringement by Stephen Schapel is Forty Five Thousand Dollars ($45,000). This amount does not include any damages that were awarded in No. 9

27.  The amount of profits earned by defendant David Schapel as a result of his trade name infringement is One Hundred Thousand Dollars($100,000).

28. The amount of profits earned by defendant Stephen Schapel as a result of his trade name infringement is One Hundred Ninety Thousand Dollars ($190,000).

29.  Defendant Stephen Schapel intentionally used Plaintiff's trademark/trade name knowing it was an infringement.

30.  Defendant David Schapel intentionally used Plaintiff's trademark/trade name knowing it was an infringement.

31.  Plaintiff owned information including computer programs, private financial data and/or customer lists.

-5-

32. Plaintiff's computer programs, private financial data and customer lists constituted trade secrets at the time of their misappropriation.

33. Defendant David Schapel misappropriated Plaintiff's trade secrets by improperly acquiring, using, or disclosing the trade secrets.

34. Plaintiff was harmed by defendant David Schapel's conduct as described in No. 33.

35. Defendant David Schapel was unjustly enriched by his conduct as described in No. 33.

36. Defendant David Schapel's improper acquisition, use and/or disclosure of the trade secrets was a substantial factor in causing the harm or unjust enrichment.

37. Plaintiff was harmed by the misappropriation in the amount of $1.00, not including damages that were awarded in Nos. 7 and/or 25.

38. Defendant David Schapel was unjustly enriched by the misappropriation in the amount of $1.00, not including damages that were awarded in Nos. 10 and/or 27.

    B.  That Plaintiff recover the sum of Five Hundred Fifty Five Thousand Dollars ($555,000.) from defendant David Schapel, which amount includes $260,000 actual damages for copyright infringement;

-6-

   C. That Plaintiff recover the separate and additional sum of Four Hundred Eighty Five Thousand Dollars ($485,000.) from defendant Stephen Schapel, which amount includes $100,000 actual damages for copyright infringement.

   D. That Defendants are jointly and severally liable for Plaintiff's actual copyright damages, included in B and C above, in the amount of $360,000.

   E. That Defendants, individually, and/or doing business as Interdata Recovery Services, its officers, agents, servants, representatives, associates, distributors, sales personnel, and employees, and those persons in active concert or participation with Defendants who receive notice hereof either directly or indirectly, orally or in writing, or through any form of news media, are hereby permanently restrained and enjoined from and after the date hereof of execution of this Judgment from:

    (a) using, reproducing, publicly displaying, preparing derivative works, and/or distributing to the public by sale or other transfer of ownership, or by rental, lease or lending, any of Plaintiff's copyrighted software applications; and

    (b) using Plaintiff's trade name "Data Mechanix" or any colorable simulation thereof, in any of Defendants' advertising, marketing, or listings; and

    (c)  authorizing others to do any of the above acts.

  F.  That Plaintiff is the prevailing party and is entitled to an award of attorney fees and costs incurred in the copyright infringement and trademark infringement proceeding.

  G.  That Plaintiff is entitled to recover prejudgment interest at the legal rate from March 14, 2003, the date of the first infringing act of Plaintiff's copyright.

  H.  That this Court will retain jurisdiction over this matter to enforce the terms and conditions of this Judgment.

  **IT IS SO ORDERED.**

Dated: May 20, 2008     _____
            UNITED STATES DISTRICT JUDGE

-8-